**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| VINCENT K. COBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:23-CV-220 SNLJ |
| | ) |
| CARRIAGE HOUSE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is self-represented plaintiff Vincent Cobb's motion to proceed in forma pauperis. After reviewing plaintiff's financial information, the Court will grant plaintiff's motion. However, plaintiff will be required to amend his complaint on a court-provided form within twenty-one (21) days from the date of this Memorandum and Order. Plaintiff's failure to do so will result in dismissal of this action, without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff Vincent Cobb filed this employment discrimination action on December 14, 2023, pursuant to the Americans with Disabilities Act of 1990, (ADA), 42 U.S.C. §§ 12101, *et seq.* He brings this action against his former employer, the Carriage House, in Saint Genevieve, Missouri, alleging disability discrimination, as well as retaliation, harassment and termination of his employment. Plaintiff, however, has failed to indicate his purported disability, the date of his

2

termination or how he was purported harassed or retaliated against by his employer relative to his disability.

Plaintiff's "Statement of Claim" is sparse and fails to articulate facts relative to disability discrimination. He states:

> Long story short an [sic] co-worker was gonna sell me a car. I decided not to[.] [H]e then started harassing me sabotaging my job to get me fire[d][.] [I] watched him do 3 other workers same way and got fired. He discriminated on my disability by mocking the way I walk and mocking my voice[.] I told big bosses on every situation even had HR meeting he would talk bad about me to other workers even the truck drivers pick up shipment[.] Much to story[.]

Plaintiff seeks monetary damages, reinstatement and reasonable accommodations.

## Discussion

Plaintiff Vincent Cobb filed this employment discrimination action pursuant to the ADA on December 14, 2023. He brings this action against his former employer, Carriage House, alleging disability discrimination, as well as retaliation, harassment and termination of his employment. Because his complaint lacks several essential elements, the Court will require him to amend his pleading.

First, because plaintiff has not included a Charge of Discrimination with his complaint, the Court is unable to ascertain if plaintiff has fully exhausted his administrative remedies with respect to his claims. The ADA requires that an administrative claim be filed and resolved prior to bring a judicial action on the same claim. *See* 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e-5(e)(1) outlining charge requirements). *See also Moses v. Dassault Falcon Jet-Wilmington Corp.,* 894 F.3d 911, 919 (8th Cir. 2018) (stating that in order to assert ADA claim, plaintiff must have first exhausted his administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission); *Harris v. P.A.M. Transp., Inc.,* 339 F.3d 635, 638 (8th Cir. 2003) ("There is a long settled rule of judicial administration that no one is

3

entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted"); and *Randolph v. Rogers*, 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies").

Second, plaintiff's claims in his complaint must be like or reasonably related to the claims submitted to the Equal Employment Opportunity Commission (EEOC) in his Charge of Discrimination or they will be subject to dismissal. *See, e.g., Duncan v. Delta Consolidated Indus.*, Inc., 371 F.3d 1020, 1024 (8th Cir. 2004).

Third, although plaintiff claims disability discrimination in this action, he has failed to articulate his alleged disability[1] within the body of his complaint. To state a prima facie ADA claim, a plaintiff is required to demonstrate that "1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999). Thus, not only must plaintiff articulate in his amended complaint what his purported disability is, but he must also indicate what his job was at Carriage House, that he was meeting the employer's legitimate job expectations and that he was discriminated against by his employer because of his alleged disability.

---

[1] The ADA defines a "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The threshold inquiry of determining whether plaintiff is disabled within the meaning of the ADA requires an individualized analysis of the effects of the claimed impairment on plaintiff's life activities. *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 483 (1999); *Mathieu v. Gopher News Co.,* 273 F.3d 769, 775 (8th Cir. 2001).  Examples of major life activities include caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. 42 U.S.C. § 12102(2).

Last, to the extent plaintiff asserts that he was harassed and retaliated against by his employer, he must articulate who harassed and retaliated against him, what the harassment and retaliation entailed, when it started and ended and if it was causally connected to his disability.

Plaintiff has also not articulated when and if he sought disability accommodations from Carriage House. To the extent plaintiff did seek accommodations from Carriage House, plaintiff must state when he sought such accommodations and what he asked for and from whom.[2] Plaintiff should also identify whether others at Carriage House were given accommodations who were in similar positions to him.

For these reasons, plaintiff will be required to amend his complaint on a court-provided form for filing an employment discrimination action. Plaintiff must follow Rules 8 and 10 of the Federal Rules of Civil Procedure in preparing her complaint. His self-represented status does not excuse him from following the Federal Rules of Civil Procedure or the Local Rules of this Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996).

Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

Rule 10(b) requires plaintiff to state his claims in separately numbered paragraphs, each

---

[2] "The ADA bars private employers from discriminating against a qualified individual on the basis of disability." *Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d 933, 940 (8th Cir. 2018). Discrimination includes an employer not making a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability. *Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 930 (8th Cir. 2012).

5

limited as far as practicable to a single set of circumstances. Each count shall then set forth in separate, numbered paragraphs: 1) the relevant facts supporting the claim; 2) the constitutional, statutory, or other right that defendant violated; and 3) the relief plaintiff seeks for the claim (for example, money damages or equitable relief). Plaintiff shall follow the same format with respect to each claim. In stating the facts of a claim, plaintiff must describe the conduct he alleges is unlawful and the date(s) such conduct occurred, if known. In other words, plaintiff must describe the adverse employment action(s) he believes was taken, when it was taken, why it amounted to discrimination or other unlawful conduct, and the basis for such discrimination or unlawful conduct. As noted above, if he believes he was discriminated against based on his disability, he must note his disability on the face of his amended complaint.

Plaintiff must also attach a complete copy of his EEOC Charge of Discrimination. This document will be considered a part of the amended complaint for all purposes. Fed. R. Civ. P. 10(c). The Court will direct the Clerk of Court to provide plaintiff with another Employment Discrimination Complaint form, and plaintiff will have twenty-one (21) days from the date of this Memorandum and Order to file an amended complaint on the form provided. The amended complaint must be signed under penalty of perjury and completed in accordance with the instructions provided in the form as well as the instructions provided in this Memorandum and Order.  Plaintiff is cautioned that the filing of an amended complaint completely replaces all earlier filed complaints in this action. Claims that are not realleged are deemed abandoned. *E.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

6

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review for plaintiff to proceed in this lawsuit.

### Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail plaintiff a court-form for filing an Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, within twenty-one **(21) days** of the date of this Order, on the Court-provided Employment Discrimination Complaint form in accordance with the instructions set forth in that form and in this Memorandum and Order. Plaintiff shall attach to his amended complaint a copy of his EEOC Charge of Discrimination.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AT THIS TIME**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file his amended complaint, in compliance with this Court's Order, this case will be dismissed, without prejudice.

Dated this 20th day of December, 2023.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE