**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| VINCENT K. COBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-CV-220 SNLJ |
| | ) |
| CARRIAGE HOUSE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff Vincent Cobb's amended complaint. [ECF No. 5]. Because plaintiff was granted leave to proceed in forma pauperis on December 20, 2023, [ECF No. 4], the Court is required to review the amended complaint for frivolousness, maliciousness and for failure to state a claim. After review of the amended complaint, the Court will dismiss this action, without prejudice. Plaintiff's motion for appointment for counsel, ECF No. 6, will be denied as moot.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff Vincent Cobb filed this employment discrimination action on December 14, 2023, pursuant to the Americans with Disabilities Act of 1990, (ADA), 42 U.S.C. §§ 12101, *et seq*. [ECF No. 1]. He filed this case against his former employer, the Carriage House, in Saint Genevieve, Missouri, alleging disability discrimination, as well as retaliation, harassment and termination of his employment. *Id*. In his initial complaint, plaintiff failed to indicate his purported disability, the date of his termination or how he was harassed or retaliated against by his employer relative to his

disability. As such, on December 20, 2023, the Court ordered plaintiff to amend his pleading to set forth his claims in compliance with the ADA. [ECF No. 4].

Plaintiff filed his amended complaint on January 8, 2024. [ECF No. 5]. In the amended complaint, plaintiff once again asserts that he is pursuing claims for discrimination, retaliation and harassment under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* Although plaintiff was informed in the Court's December 20, 2023 Memorandum and Order that he needed to attach both his charge of discrimination and right to sue from the Equal Employment Opportunity Commission (EEOC), he has not attached his charge of discrimination to his amended complaint. Plaintiff, however, has provided a copy of his right to sue from the EEOC.

Plaintiff's "Statement of Claim" in his amended complaint lacks cohesion and fails to articulate facts relative to disability discrimination or failure to accommodate his purported disability. He states:

> Co-worker was gonna sell me a car I change my mind. Then he started harassment by sabotaging my work trying to get me fired. I watched him do 3 other people the same way and got fired. He discriminated my disability by mocking the way I walk and mocking the way I talk being very ignorant. I told all upper authority of every situation at the times. The accused even had a HR meeting and he would talk bad about me to the other co-workers and even the truck drivers. Have had several other situations. As well 2 other co-worker instances. Gary Klien and John have witnessed him (Kelly Ziess) switching parts on my order hoping I wouldn't catch it. Got really ignorant when boss (Angie) let me leave early and I didn't tell him caused he said he was my supervisor in meeting with Katrina (HR) she told me that he was not my supervisor/boss.

Plaintiff seeks monetary damages, reinstatement and reasonable accommodations.

**Discussion**

Plaintiff Vincent Cobb filed this employment discrimination action pursuant to the ADA on December 14, 2023. He brings this action against his former employer, Carriage House, alleging disability discrimination, as well as retaliation, harassment and termination of his

3

employment. Because his complaint lacks several essential elements, the Court will dismiss this action, without prejudice.

Although plaintiff claims disability discrimination in this action, he has failed to articulate his alleged disability[1] within the body of his complaint. To state a prima facie ADA claim, a plaintiff is required to demonstrate that "1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999). Plaintiff's failure to articulate his disability after he was told to do so in the December 20, 2023 Memorandum and Order is detrimental to his ADA claim for relief.  The fact that he has not properly alleged that he has a disability under the ADA is also grounds for dismissing his harassment and retaliation claims, as plaintiff is unable to claim that the harassment and retaliation occurred because of an alleged disability.

Additionally, plaintiff has failed to allege that he was meeting his employer's legitimate job expectations. He has not identified the job he was doing at Carriage House in either his original complaint or his amended complaint. Additionally, he has not alleged that he met all the expectations of his job at Carriage House or that he was discriminated against by his employer because of his alleged disability.

---

[1] The ADA defines a "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The threshold inquiry of determining whether plaintiff is disabled within the meaning of the ADA requires an individualized analysis of the effects of the claimed impairment on plaintiff's life activities. *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 483 (1999); *Mathieu v. Gopher News Co.,* 273 F.3d 769, 775 (8th Cir. 2001).  Examples of major life activities include caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. 42 U.S.C. § 12102(2).

4

Last, to the extent plaintiff is alleging that he was denied accommodations at Carriage House, he has also failed to articulate when and if he sought disability accommodations, and if they were purportedly denied. Additionally, plaintiff has failed to indicate persons at Carriage House who were given accommodations who were in similar positions to him.

Based on the aforementioned reasons, the Court is required to dismiss plaintiff's action for failure to state a claim. This action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 6] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 21st day of February, 2024.

*/s/ Stephen N. Limbaugh, Jr.*
_____
STEPHEN N. LIMBAUGH, JR
SENIOR UNITED STATES DISTRICT JUDGE

5