UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VINCENT K. COBB, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-CV-220 SNLJ |
| CARRIAGE HOUSE, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for reconsideration of the dismissal of his employment discrimination complaint pursuant to 28 U.S.C. § 1915. After reviewing the grounds raised by plaintiff, the Court will decline to alter or amend the judgment of this Court. The Court concludes that plaintiff's motion fails to point to any manifest errors of law or fact, or any newly discovered evidence.[1] Instead, the motion can be said to merely revisit old arguments. Plaintiff is

---

[1] In his motion for reconsideration, plaintiff indicates that in August of 2004, he had a brain surgery for an undisclosed reason. He claims that this causes him to walk with a limp and his voice to be "harsh/strained." He does not explain how the surgery in 2004, his alleged walking with a limp and voice issues are disabilities under the ADA such that they substantially limit one or more major life activities. *See* 42 U.S.C. § 12102(1). Although major life activities include standing, walking, bending, lifting, speaking, communicating and working which could be affected by having had brain surgery, *see* § 12102(2), plaintiff **has not properly alleged that he not only had a disability, but also was excluded from benefits (discriminated against) at his employment because of or due to his disability**. *See Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999). In fact, plaintiff has failed to allege anything about his termination from Carriage House. And the only event of alleged harassment at Carriage House he states occurred to him is relative to an event on May 8, 2023. Naming only one event where his coworker ridiculed his voice and limp cannot form the basis for either a hostile work environment/harassment claim or an adverse employment action/retaliation claim. *See Harris v. Forklift Sys. Inc.,* 510 U.S. 17, 21 (1993) (a hostile work environment occurs when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment) and *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002) (noting that by their nature, hostile work environment claims are not isolated incidents, but rather entail ongoing and repeated conduct). *See also Clegg v. Ark. Dep't of Corr.,* 496 F.3d 922, 926 (8th Cir. 2007) ("An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage."); *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 56 (to establish a prima facie case

therefore not entitled to reconsideration of the dismissal of his petition, and his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of his complaint [ECF No. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 5th day of March, 2024.

_____
STEPHEN N. LIMBAUGH, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

of retaliation, a plaintiff must show that he engaged in protected conduct, he suffered a materially adverse employment act and the adverse act was causally linked to the protected conduct).